UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS CAMARDA, on behalf of himself and all others similarly situated, | C.A. Civil Case No: _____ |
| Plaintiff(s), | |
| v. | |
| NIAGARA CREDIT SOLUTIONS, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

**COMPLAINT -- CLASS ACTION**

**PRELIMINARY STATEMENT**

1.  Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, NIAGARA CREDIT SOLUTIONS, INC. ("NIAGARA CREDIT") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.  Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, a resident of Philadelphia, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. NIAGARA CREDIT maintains a location at 1212 Abbott Road, Suite D, Lackawanna, New York 14218.

7. NIAGARA CREDIT uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8. NIAGARA CREDIT uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. NIAGARA CREDIT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

**STATEMENT OF FACTS**

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. At some time prior to May 18, 2018, Plaintiff allegedly incurred a financial obligation to VERIZON NEW JERSEY INC. ("VERIZON").

16. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. Plaintiff incurred the VERIZON obligation by obtaining goods and services which were primarily for personal, family and household purposes.

18. The VERIZON obligation did not arise out of a transaction that was for non-personal use.

19. The VERIZON obligation did not arise out of a transaction that was for business use.

20. The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

22. At some time prior to May 18, 2018, the VERIZON obligation was purchased by and/or sold to PALISADES COLLECTIONS LLC ("PALISADES").

23. At the time the VERIZON obligation was purchased by and/or sold to PALISADES, the obligation was in default.

24. The principal purpose of PALISADES is the collection of debts which are in default at the time it purchases the debts.

25. On or before May 18, 2018, PALISADES referred the VERIZON obligation to NIAGARA CREDIT for the purpose of collections.

26. At the time the VERIZON obligation was referred to NIAGARA CREDIT the VERIZON obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

27. NIAGARA CREDIT caused to be delivered to Plaintiff a letter dated May 18, 2018, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

28. The May 18, 2018 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

29. The May 18, 2018 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

30. Upon receipt, Plaintiff read the May 18, 2018 letter.

31. The May 18, 2018 letter is the initial written communication sent from NIAGARA CREDIT to the Plaintiff.

32. The May 18, 2018 letter provided the following information regarding the balance claimed due on the VERIZON obligation:

| Principal Balance | Interest Balance | Misc. Balance |
| --- | --- | --- |
| $371.11 | $0.00 | $0.00 |

33. The May 18, 2018 letter stated in part that:

> As of the date of this letter, you $371.11. Because of **interest, late charges, and other charges** that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-381-0416**.**

(emphasis added)

34. As of the date of the May 18, 2018 letter, PALISADES ceased assessing late charges on the VERIZON obligation.

35. As of the date of the May 18, 2018 letter, PALISADES ceased assessing interest on the VERIZON obligation.

36. As some time prior to May 18, 2018 letter, PALISADES ceased charging or adding late charges to the balance of the VERIZON obligation.

37. As some time prior to May 18, 2018 letter, PALISADES ceased charging or adding interest to the balance of the VERIZON obligation.

38. PALISADES never authorized NIAGARA CREDIT to charge or add late charges to the balance of the VERIZON obligation.

39. PALISADES never authorized NIAGARA CREDIT to charge or add interest to the balance of the VERIZON obligation.

40. As of the date of the May 18, 2018 letter, neither PALISADES nor NIAGARA CREDIT had the legal or contractual authority to assess late charges on the VERIZON obligation. See Hovermale v. Immediate Credit Recovery, Inc., 2016 WL 4157160 (D.N.J. August 4, 2016); Hovermale v. Immediate Credit Recovery, Inc., 2018 WL 6322614 (D.N.J. December 4, 2018).

41. NIAGARA CREDIT knew or should have known that its actions violated the FDCPA.

42. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

43. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

(a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Using unfair or unconscionable means to collect or attempt to collect any debt; and

(d) Making a false representation of the character, amount legal status of the debt.

44. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

46. This Action is properly maintained as a class action. The Class is initially defined as:

> All Pennsylvania consumers who were sent letters and/or notices from NIAGARA CREDIT, concerning a debt owed to PALISADES COLLECTIONS LLC, which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if

        so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

  c.  <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d.  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

45.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

46.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

47.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

48. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

49. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

50. The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

51. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional late charges.

52. Defendant's letters would lead the least sophisticated consumer to believe that the amount due could increase due to additional interest.

53. Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the VERIZON obligation would increase due to late charges.

54. Defendant's letters would cause the least sophisticated consumer to be confused as to whether the balance of the VERIZON obligation would increase due to interest.

55. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the VERIZON obligation could increase due to late charges.

56. Defendant's letters would cause the least sophisticated consumer to believe that the balance of the VERIZON obligation could increase due to interest.

57. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the VERIZON obligation could increase due to late charges.

58. Defendant's collection letters were designed to cause the least sophisticated consumer to believe that the balance of the VERIZON obligation could increase due to interest.

59. Defendants' representation that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

60. Defendants' representation that the amount due could increase due to additional interest when in fact the amount due would not and did not increase due to interest violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; §1692e(2)(A); §1692e(5); and § 1692e(10).

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

63. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to late charges.

64. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing that the balance could increase due to interest.

65. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

66. Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

67. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount and legal status of the debt.

68. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to late charges.

69. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding late charges.

70. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add late charges.

71. Defendants violated 15 U.S.C. § 1692e(2)(A) as late charges were no longer being assessed on the VERIZON obligation.

72. Defendants violated 15 U.S.C. § 1692e(2)(A) by falsely representing that the balance could increase due to interest.

73. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or adding interest.

74. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants never intended to charge or add interest.

75. Defendants violated 15 U.S.C. § 1692e(2)(A) as interest was no longer being assessed on the VERIZON obligation.

76. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

77. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional late charges when in fact the amount due would not and did not increase due to late charges.

78. Defendants violated 15 U.S.C. § 1692e(5) by threatening to increase the amount due by adding additional interest when in fact the amount due would not and did not increase due to interest.

79. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional late charges when in fact the amount due would not and did not increase due to late charges.

81. Defendants violated 15 U.S.C. § 1692e(10) stating that the amount due could increase due to additional interest when in fact the amount due would not and did not increase due to interest.

82. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

83. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

84. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

85. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

86. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

87. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

88. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR TRIAL BY JURY

89. Plaintiff demands trial by jury on all issues so triable.

>  /s/ Robert P. Cocco
>  Robert P. Cocco, Esq.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 22, 2019

>  /s/ Robert P. Cocco
>  Robert P. Cocco, Esq. (ID no. 61907)
>  Law Offices of Robert P. Cocco, P.C.
>  1500 Walnut Street, Suite 900
>  Philadelphia, Pennsylvania 19102
>  (215) 351-0200 telephone
>  (215) 261-6055 facsimile

# EXHIBIT A

655 Pullman Avenue
Rochester, NY 14615

RETURN SERVICE REQUESTED

| VISA | MASTERCARD | | |
|---|---|---|---|
| Expiration | Credit Card Number | | CV Code |
| Amount Authorized | Signature | | |
| Date 05-18-18 | | Total Amount Due $371.11 | |
| Account Number 3588573 | | Amount Enclosed | |

TOLL FREE: 1-800-381-0416

381

CAMARDA, THOMAS
221 S 12TH ST APT N701
PHILADELPHIA, PA 19107-5555

**PLEASE SUBMIT PAYMENT TO:**
Niagara Credit Solutions, Inc.
1212 Abbott Rd, Suite D
Lackawanna, NY 14218

| Niagara Account # | Reference Creditor | Total Amount Due |
|---|---|---|
| 3588573 | VERIZON NEW JERSEY INC. | $371.11 |
| Date | Current Creditor to Whom Payment is Due | Original Account # |
| 05-18-18 | PALISADES COLLECTIONS LLC | XXXXX8431 |
| Principal Balance | Interest Balance | Misc Balance |
| $371.11 | $0.00 | $0.00 |
| | Merchant TELECOMMUNICATIONS | |

Welcome to Niagara Credit Solutions, Inc. We are here to help. Your account was placed with our collection agency on 05-15-18. In an effort to assist you, we would like to extend the following offers.

- Offer #1. Our client has authorized us to offer you a convenient minimum monthly payment plan of $25.00 a month towards the balance. The first payment is due in our office on or before 07-02-18. If this amount does not meet your budget we may be able to lower the monthly payment amount or change the re-payment terms.

- Offer #2. Our client has authorized us to offer you a settlement in full on the above mentioned account by agreeing accept less than the full balance due to pay-off the account. Upon clearance of sufficient funds, this settlement will satisfy the debt in full saving you money. To accept this settlement offer, we must receive a one-time settlement payment of $259.78 in our office no later than 07-02-18. Failure to meet the settlement terms as listed above may result in the settlement offer being revoked. We are not obligated to renew this offer.

If you have any questions or would like to take advantage of either of these offers, please feel free to contact our office at 1-800-381-0416 and a friendly customer service representative will help to explain your available options. For your convenience we accept check-by-phone, ACH, major credit cards, money-gram and bank-to-bank wire. Operators are standing by to help.

Credit card holders may pay by filling in the boxes above or you may remit a check or money order. Please return the tear off portion with your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Federal law requires we notify you that this communication is from a professional debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Your acceptance or rejection of this offer does not change your rights described in this letter.

Sincerely

Niagara Credit Solutions, Inc.
TOLL FREE: 1-800-381-0416

As of the date of this letter, you owe $371.11. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-381-0416.

Hours of Operation: Monday – Thursday 8AM – 9PM Eastern, Friday 8AM – 5PM Eastern

**Niagara Credit Solutions, Inc.**    1212 Abbott Rd Suite D, Lackawanna NY 14218